UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MELISSA MARIE BARGE,

    Plaintiff,

v.                                             Case No. 3:21cv1832-MCR-HTC

FEDERAL NATIONAL MORTGAGE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Melissa Marie Barge, proceeding *pro se*, has filed an amended complaint which seeks to undermine a state court foreclosure, her second such complaint before this Court. ECF Doc. 9. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). The Court denied Plaintiff's motion to proceed *in forma pauperis* because Plaintiff failed to show she could not pay the filing fee and gave Plaintiff several opportunities to pay the filing fee. Plaintiff, however, has not done so. Thus, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with an order of the Court.

Plaintiff files the instant action hoping to prevent Defendants from executing on a foreclosure judgment over certain real property. Plaintiff claims that "Federal

National Mortgage through its employees are attempting to assert a false authority through an unsubstantiated claim of right over private property" and, as part of her relief, she seeks "expungement of lis pendens, assignments, encumbrances, that were improperly and/unlawfully recorded to create false claims." ECF Doc. 9 at 3.

Although Plaintiff's amended complaint[1] is anything but clear, from what the Court can discern, Plaintiff is attempting to raise the same claim Plaintiff raised in a previous suit to this Court, which was dismissed on *Rooker Feldman* grounds[2]. *See Barge v. Federal National Mortgage Corporation*, 3:20-cv-04945-RV-HTC. Like that suit, Plaintiff's allegations here appear to seek relief from this Court on a state court foreclosure judgment entered in Defendant's favor in *Federal National Mortgage Association vs. BARGE, MELISSA M*, Case # 2018 CA 000408, 1st Judicial Circuit, Escambia County FL Civil Division.

Regardless, Plaintiff has not paid the filing fee, and thus dismissal is warranted on that ground alone. Plaintiff filed a motion to proceed *in forma pauperis*, on or about November 1, 2021. ECF Doc. 3. On November 3, 2021, the Court denied Plaintiff's

---

[1] Plaintiff's initial complaint was not filed on this Court's forms, and thus, the Court directed Plaintiff to file an amended complaint. ECF Doc. 5. In the Court's amend order, the Court advised Plaintiff that it appeared Plaintiff was seeking to assert the same claim, which had previously been dismissed by this Court for failure to state a claim, but that the Court would nonetheless allow her to file an amended complaint given her *pro se* status. *Id.* Plaintiff's amended complaint, however, continues to attack the propriety of the foreclosure judgment. ECF Doc. 9.

[2] The doctrine arises from two cases: *Rooker v Fidelity Trust Co.*, 263 U.S. 413 (1923), in which the United States Supreme Court noted district courts only possess original jurisdiction and, thus, the United States Supreme Court is the only federal court that can hear an appeal of a state court judgment, and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), in which the Supreme Court later re-affirmed its earlier decision.

motion because it was incomplete and gave Plaintiff an opportunity to submit a completed motion. ECF Doc. 5. After the entry of a show cause order and an extension of time, the Court gave Plaintiff until December 17, 2021 to file a complete motion. ECF Doc. 8. On December 13, 2021, Plaintiff filed a second motion to proceed *in forma pauperis* (ECF Doc. 10). On December 20, 2021, the Court denied Plaintiff's motion because Plaintiff's financial picture shows she is able to pay the $402 filing fee. ECF Doc. 11. Thus, the Court gave Plaintiff fourteen (14) days to pay the full filing fee. *Id.* The time for Plaintiff to pay the fee has passed and Plaintiff has not paid the fee.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Because Plaintiff has not paid the filing fee, dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Jail*, 433 F. App'x 716, 718 (11th Cir.

2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this this 11th day of January, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv1832-MCR-HTC